United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 11, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-41441
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ARMANDO TORRES-LUNA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:05-CR-377-ALL
--------------------

Before HIGGINBOTHAM, BENAVIDES and DENNIS, Circuit Judges.

PER CURIAM:[*]

Armando Torres-Luna (Torres) appeals his guilty-plea conviction and the 36-month sentence imposed for being found illegally present in the United States following deportation. He argues that the Government breached the plea agreement by failing to orally recommend that he be sentenced at the low end of his guideline range. Torres has not shown a breach of the plea agreement, under plain-error review, given that the Government's recommendation was included in his presentence report. See

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

<u>United States v. Reeves</u>, 255 F.3d 208, 210 (5th Cir. 2001). Moreover, contrary to Torres's assertions, the Government's failure to concur in his motion for a downward departure did not constitute an affirmative request for a specific sentence in contravention of the plea agreement.

Torres also asserts that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b) are facially unconstitutional. The constitutional issue raised is foreclosed by <u>Almendarez-Torres v. United States</u>, 523 U.S. 224, 235 (1998). Although Torres contends that <u>Almendarez-Torres</u> was incorrectly decided and that a majority of the Supreme Court would overrule it in light of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that <u>Almendarez-Torres</u> remains binding. <u>See</u> <u>United States v. Garza-Lopez</u>, 410 F.3d 268, 276 (5th Cir.), <u>cert. denied</u>, 126 S. Ct. 298 (2005). Torres properly concedes that his argument is foreclosed in light of <u>Almendarez-Torres</u> and circuit precedent, but he raises it here to preserve it for further review.

The district court's judgment is AFFIRMED.